MICHELLE R. BURROWS OSB86160
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955
503/241-3127 (facsimile)
mrburrows@qwest.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSE PADILLA, Sr., Personal Representative for the Estate of Jose Padilla, Jr., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN HUBBARD, MICHAEL JONES, SARAH TAYLOR, CITY OF PORTLAND,, a municipal subdivision of the State of Oregon, <br><br> Defendants. | No. 05-1963AS <br><br> FIRST AMENDED COMPLAINT (Civil Rights, Use of Deadly Force) <br><br> 42 U.S.C. §1983 <br><br> Jury Trial Demanded |

INTRODUCTORY STATEMENT

1.

This action is filed by Plaintiff under 42 U.S.C. §1983 violations of due process in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

2.

This court has jurisdiction over Plaintiff's claims of violations of federal constitutional rights under 28 U.S.C. §§1331 and 1343.

1–FIRST AMENDED COMPLAINT

3.

Venue is proper under 28 U.S.C.§1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this district.

THE PARTIES

5.

Plaintiff Jose Padilla, Sr. is the Personal Representative for the Estate of Jose Padilla Jr. The Estate for Jose Padilla Jr. was created in the Circuit Court for the Count of Multnomah. Jose Padilla Jr. died in Multnomah County on January 3, 2004.

6.

At all material times Defendants Hubbard, Jones and Taylor were police officers working under color of law for the City of Portland, State of Oregon

7.

. All incidents described herein occured while Defendant Hubbard, Jones and Taylor were in uniform and on duty as police officers.

8.

At all material times Defendant City of Portland was a municipal subdivision of the State of Oregon.

9.

All defendants have acted under color of state law at all times relevant to this complaint.

2–FIRST AMENDED COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

10.

Plaintiff is entitled to an award of attorneys fees and costs, pursuant to 42 U.S.C. §1988.

FACTUAL ALLEGATIONS

11.

On or about January 3, 2004 at 7:21 p.m.(1921 hours) Defendants Hubbard, Jones, Taylor and another officer were dispatched to the Greyhound Bus Station at 6th and Glisan in Portland Oregon in response to complaints that a man was holding a knife on a female inside the terminal station. The officers arrived at the bus station at 7:24 in two separate vehicles.

12.

While in route to the bus station Officer Jones told Officer Hubbard to take the AR-15 assault rifle into the bus station. The AR-15 is the civilian version of the modern military M16-A4 battle rifle. Officer Hubbard took the weapon with the intent and knowledge that he would have to shoot the suspect in the head. Neither officer knew the specifics of the situation inside the terminal. Neither officer called for a specialty team or a hostage negotiator. Neither officer considered the use of less than deadly force prior to entry into the bus station..

13.

While in route to the bus station Officer Taylor decided to take the less than lethal weapon, ie. taser, into the station. Before she entered the station she holstered the Taser and withdrew her sidearm. Before entry into the bus station no officer could clearly visualize anything inside. Taylor and her partner entered the bus station ahead of Hubbard and Jones. No plan was made between the four officers on how to approach the situation, no discussion was

3–FIRST AMENDED COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

made about the use of less than deadly force. All officers had shoulder radios. Two of the officers were also carrying two handguns apiece. Officer Hubbard entered the station carrying three loaded weapons with extra ammunition clips.

14.

At the time of entry into the bus station none of the officers had any experience in deadly force situations. Officer Hubbard was the only officer certified to use the AR-15. Officer Taylor was a certified Weapons and Tactics Instructor.

15.

Inside the bus station there were approximately 50 civilian witnesses. The officers positioned themselves behind cover placing themselves between the civilian witnesses and Plaintiff Padilla who was kneeling over his girlfriend, Ana Arroyo. None of the officers saw Padilla with any weapon initially. Padilla was screaming at the officers.

16.

Ana Arroyo was crying and pleading with the officers not to shoot Padilla, advising them that he was her boyfriend and that he would not hurt her. Padilla was bent over with his hands on Arroyo. It is unclear whether any officer actually saw a knife until after the Padilla was shot. The officers called out to each other to verify a visual confirmation on the presence of a weapon.

17.

Upon entry to the building Officer Taylor and her partner motioned for the witnesses to move south in the bus station. All four officers set up position around pillars in the station. Within seconds of setting up their positions, Officer Taylor yelled to Hubbard to "take the shot". She started to move toward Padilla with the intent to shoot him. All officers had their weapons

4–FIRST AMENDED COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

drawn.

18.

Officer Hubbard knelt down and shot Padilla in the head. Padilla died at the scene

19.

There was almost no attempt to talk Padilla out of his action and witnesses say that the presence of the police officers agitated him further.

20.

Only thirty seconds elapsed from the time the officers entered the station until the time Padilla was shot.

FIRST CLAIM FOR RELIEF: 42 U.S.C. §1983
Violations of 4th Amendment: Unlawful Seizure of person

21.

Plaintiff realleges paragraphs 1 through 20 inclusive as if more fully set forth herein.

22.

Plaintiff is entitled to be free from unlawful seizure of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution. Plaintiff is also entitled to be safe and secure from undue and unreasonable deadly force.

23.

The acts and omissions of Defendants Hubbard, Taylor and Jones violated Plaintiff's protected rights and were an excessive seizure of his person without probable cause, were objectively unreasonable based on the totality of circumstances and amounted to deliberate indifference to Plaintiff's protected rights. Defendants violated the requirements of the 4th and

5–FIRST AMENDED COMPLAINT

14th Amendment rights held by Plaintiff to his life and the integrity of his person.

24.

The specific acts of Defendant Jones, Hubbard and Taylor individually and in concert with each other alleged to be deliberately indifferent are more particularly set forth below:

1. All Defendants decided to shoot Padilla well before they entered the bus station and consequently failed to rely on an objectively reasonable assessment of the facts;

2. Defendant Hubbard decided to shoot Padilla in the head when he decided to take the AR-15 into the bus station. This decision violated Portland Police Manual section 1010.10 and demonstrated an absence of probable cause

3. Defendant Taylor decided to shoot Padilla upon entry into the bus station prior to gathering sufficient data and was objectively unreasonable under the circumstances;

4. Defendant Jones, Hubbard and Taylor all decided prior to entering the bus station that the situation was extreme and that only deadly force would be the correct police reaction. They reached this conclusion without seeing or assessing the situation ahead of time.

5. Defendant Jones, Hubbard and Taylor failed to even attempt anything but deadly force and failed to give warnings, failed to confirm the presence of a weapon and issued orders to shoot before the situation was properly evaluated.

6. The Defendants only took approximately 30 seconds to set up, assess and clear the room of potential innocent bystanders before they decided to shoot, all objectively unreasonable under the totality of the circumstances.

7. The Defendants were being told by the victim of Padilla that he would not hurt her and begged the officers not to shoot; creating a situation where there was reason to believe

6–FIRST AMENDED COMPLAINT

that she was not in real danger.

25.

As a result of the violations of the Constitutional standards set forth herein, Plaintiff Padilla died of a single gunshot to the head.

26.

As a result of the violations of the Constitution Plaintiff seeks economic and noneconomic damages in a sum to be more fully determined at trial.

27.

All Defendants' conduct was well defined by law and each defendant knew or reasonably should have known that their conduct was below the standard prescribed by law herein.

SECOND CLAIM FOR RELIEF (City of Portland)
42 U.S.C. §1983 Unconstitutional Municipal Policy

28.

Plaintiff realleges paragraphs 1 through and including 27 as if more fully set forth herein.

29.

At all times herein the Portland Police Bureau had an official written policy governing the use of deadly force found at Portland Police Bureau Manual Section 1010.10.

30.

The Portland Police Policy on the use of deadly force allows officers to use deadly force when an officer reasonably believes there to be an immediate threat of death or serious physical injury to themselves or others. The policy requires some warning to be given, if feasible, prior to

7–FIRST AMENDED COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

the use of deadly force.

31

Portland Police Bureau Policy on the Use of Deadly force violates constitutional requirements on the use of deadly force and as a direct result of the use of the Portland Police Policy on the Use of Deadly Force, Officers Taylor, Jones and Hubbard caused the death and unconstitutional seizure of Plaintiff. The Portland Police Bureau Policy on the Use of Deadly Force violates constitutional standards as it allows the officer to use their own reasonable subjective belief as to whether any situation creates danger to themselves or others rather than an objective probable cause belief.

THIRD CLAIM FOR RELIEF (City of Portland)
42 U.S.C. §1983 Informal Custom and Policy

32.

Plaintiff realleges paragraphs 1 through and including paragraph 31 as if more fully set forth herein.

33.

The City of Portland has an informal custom, practice or policy regarding the use of deadly force.  The custom, practice or policy includes

    a. Training officers to use deadly force rather than less than deadly force in all situations where dangerous or deadly weapons are being used or held by a suspect;

    b. Training and supervising officers to use deadly force rather than less than deadly force in situations where suspects may be perceived to be an immediate threat of death of serious physical injury;

8–FIRST AMENDED COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

c. Training or supervising officers to use deadly force in situations where themselves or others may be at risk of physical injury as a first resort rather than training officers to assess the totality of circumstances in an objectively reasonable manner.

34.

As part of the culture, custom and practice of the Portland Police Bureau officers are trained to assess situations in what is referred to as an "action/reaction" motive.  Officers are trained and expected to use excessive or deadly force before a suspect has a chance to act and consequently Portland Police Bureau relies on deadly force as a primary law enforcement tool when faced with a suspect who may be creating a threat of death or serious injury to officers or others rather than negotiation, less than deadly force or other alternatives.

35.

The culture inherent in the Portland Police Bureau which encourages the use of deadly force is so ingrained that officers will automatically and primarily begin to analyze situations toward the use of deadly force without being physically present, without individually evaluating the scene and often with virtually no collateral data upon which to make an objectively reasonable assessment and decision.

36.

As a consequence of the informal culture, practice and custom of Portland Police Bureau to "shoot first" a pattern of repeated serious violations of the constitutional rights of suspects and potential suspects has formed. Plaintiff lost his life and suffered the deprivations alleged herein as a direct and proximate result of this long standing practice, custom and culture by the Portland Police Bureau's use of deadly force as more particularly alleged above.

9–FIRST AMENDED COMPLAINT

Michelle R. Burrows
Attorney at Law
618 NW Glisan Ste. 203
Portland OR 97209
503/241-1955

WHEREFORE Plaintiff prays for judgment against all defendants

1. Finding that defendants violated Plaintiff's protected Constitutional Rights by the use of Deadly Force;

2. Finding that the policy of the City of Portland was a direct and causal factor in the use of deadly force and the resulting death of Plaintiff.

3. For economic and non-economic damages to include funeral expenses, economic damages and non-economic damages to be proven at trial.

4. For such other relief as is equitable.

5. For attorney fees and costs

Dated this 14th day of March 2006.

Respectfully submitted,

/s/    Michelle R. Burrows
Michelle R. Burrows OSB86160
Attorney for Plaintiff

10–FIRST AMENDED COMPLAINT